IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABELINE DIVISION

| | | |
|---|---|---|
| KELLY ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-CV-00137-H-BU |
| JOY CAMPANELLI, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kelly Ross initiated this civil action against Defendants Joy Campanelli, Genine D. Edwards, and Brian Gotlieb[1] on January 23, 2026. Dkt. No. 1. The case was referred to the undersigned under Special Order No. 3-251 and Ross has not consented to the undersigned exercising this Court's full jurisdiction. Dkt. No. 2. For reasons discussed below, the undersigned finds that Ross's claims are duplicative and malicious; the undersigned therefore RECOMMENDS that Ross's motion for leave to proceed *in forma pauperis* (IFP) be DENIED, and this case DISMISSED with prejudice.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2026, Plaintiff Kelly Ross sued Defendants Joy Campanelli, Genine D. Edwards, and Brian Gotlieb. Dkt. No. 1. Each of the named parties are judges presiding

---

[1] Brian Gotlieb's name is misspelled "Brian Gottlieb" in Ross's Complaint. **The Clerk is directed to conform the docket to reflect this change.**

over the Supreme Court in Kings County, New York.[2] The Complaint states only that the "Defendants had ex parte communication" and that the Plaintiff seeks an award od damages "to be decided by the Court." Dkt. No. 1 at 1. Ross has also filed an application to proceed IFP. Dkt. No. 4. However, Ross's claims are duplicative of those she is presently pursuing in many federal courts nationwide–in fact, Ross has filed at least *fifty* identical claims across the country. *See KELLY ROSS PLAINTIFF v. JOY CAMPANELLI, GENINE D. EDWARDS, BRIAN GOTTLIEB DEFENDANTS*, No. 3:26-CV-70-MPM-JMV, 2026 WL 908933, at *1 n.1 (N.D. Miss. Apr. 2, 2026) (citing thirty-eight identical claims filed by Mills against the defendants—including the case currently before this Court).

It appears that "Ross" is a fictitious name being used by a vexatious litigant to bypass injunctions against filing unauthorized civil actions. This Court previously received a similarly frivolous claim filed by "Joseph Alexander" against New York judges Dawn-Hill Kearse and Sergio Jimenez. *See* Dkt. No. 8 in *Joseph Alexander v. Dawn Hill-Kearse, et al. (Alexander I)*, Civil Action No. 1:26-cv-00031-H-BU (N.D. Tex. Mar. 6, 2026). These same parties appeared in multiple duplicative cases, including one before the Western District of Virginia. *Id.* at 2. The Virginia court theorized that "Alexander" was in fact FeiFei Gu, a "frequent filer of federal lawsuits" from New York who had filed facially similar suits against the same defendants. *JOSEPH ALEXANDER, Plaintiff, v. DAWN*

---

[2] *See Hon. Joy F. Campanelli*, NYCourts.gov (last visited Apr. 7, 2026), https://ww2.nycourts.gov/courts/2jd/kings/civil/CampanelliRules.shtml [https://web.archive.org/web/20251006164903/https://ww2.nycourts.gov/courts/2jd/kings/civil/CampanelliRules.shtml]; *Hon. Brian L. Gotlieb*, NYCourts.gov (last visited Apr. 7, 2026), https://ww2.nycourts.gov/courts/2jd/kings/civil/GotliebRules.shtml; *Hon. Genine Edwards*, NYCourts.gov (last visited Apr. 7, 2026), https://ww2.nycourts.gov/courts/2jd/kings/civil/Edwardsrules.shtml [https://web.archive.org/web/20231029201133/http://ww2.nycourts.gov:80/courts/2jd/kings/civil/EdwardsRules.shtml].

*HILL-KEARSE & SERGIO JIMENEZ, Defendants.* (*Alexander II*), No. 1:26CV00022, 2026 WL 353616, at *2 (W.D. Va. Feb. 9, 2026). The same appears true here, as Gu has appeared as a defendant before Judge Campanelli's court. *252685 St LLC v Feifei Gu*, 0505280/2024.[3]

The address provided by the Plaintiff also appears to be fictitious. While the return address in Plaintiff's envelope is in Houston Texas, the envelope was post-marked in New York. Dkt. No. 1 at 2. The envelopes—down to the mailing labels and postage stamp—are virtually identical to the one used to mail the Complaint in *Alexander v. Kearse. See* Dkt. No. 1 at 2; *see also* Dkt. No. 1 at 2 in *Alexander I*, Civil Action No. 1:26-cv-00031-H-BU. Thus, it appears that Ross's address—or Gu's address—is "2526 85th Street, Brooklyn, NY 11214." *Alexander II*, 2026 WL 353616, at *2.

## II. ANALYSIS

Based on the facts above, it appears improper to grant Ross's IFP application. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that an *in forma pauperis* complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," and that courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more"). That the plaintiff has filed identical barebones claims in multiple other courts clearly renders this suit duplicative. None of the parties appear to have any connection to the Northern District of Texas or the Abilene division, further

---

[3] Gu's allegations that Judge Campanelli and "other court officials" engaged in "improper ex parte communications" has also been publicly reported on. *New York resident alleges conspiracy against state officials over legal proceedings*, THE SOUTH SHORE PRESS (Dec. 25, 2024), https://southshorepress.com/stories/666966439-new-york-resident-alleges-conspiracy-against-state-officials-over-legal-proceedings.

suggesting that venue is improper in this Court. It is therefore appropriate to dismiss her claims with prejudice as frivolous and malicious. 28 U.S.C. § 1915(e)(2)(B).

## III.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DENY Ross's motion to proceed IFP and DISMISS this case with prejudice as duplicative and malicious. It is also clear that Ross—or more accurately Gu—has failed to heed the Court's warning to desist from filing frivolous actions. Ross should again be WARNED that if she persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar her from filing any future lawsuits.  *See* FED. R. CIV. P. 11(b)(2), (c)(1). Such a warning should be directed to Gu's true address at 2526 85th Street, Brooklyn, NY 11214.

## IV.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions

of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 7th day of April 2026.

 

 

_____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE